STANLEY WINBORNE, UTILITIES COMMISSIONER, v. HARLEY BROWNING.

(Filed 23 May, 1934.)

**Bus Companies C a—Franchise is required unless vehicle is used exclusively for mail regardless of whether route is covered by another franchise.**

A person transporting persons or property by motor vehicle for hire as a business between fixed *termini* which are cities or towns is required to obtain the franchise prescribed by N. C. Code, 2613(k) (1), regardless of whether any other persons or corporation has a valid franchise for carrying persons or property over the same section of highway, and such operation does not come within the exception relating to U. S. mail, N. C. Code, 2613(k), unless the motor vehicle is used exclusively for transporting mail.

CIVIL ACTION, before *Alley, J.,* at September Term, 1933, of HAYWOOD.

The defendant filed no answer and at the hearing the following judgment was rendered: "That after hearing the pleadings read, the evidence and argument of counsel, and duly considering the same, the court is of opinion and finds that there is no valid outstanding franchise for the transportation of passengers by motor vehicle for compensation over Highway Number 10 between Asheville and Bryson City, and therefore,

said highway is open to persons carrying on the business of transporting persons for compensation by motor vehicle under the provisions of the Revenue Act levying license taxes therefor. That the business conducted and the services rendered by the respondent does not fall within the terms of the statute (sections 2 and 3, chapter 136, Public Laws, 1927, sections 2613(k) and 2613(1), (Michie's Code of 1931), requiring certain persons engaged in the transportation of persons and property for compensation over public highways by motor vehicle to apply for and obtain permission so to do from the Corporation Commission of North Carolina. That the business carried on by the respondent is excepted from the above mentioned statutes and is governed by the terms of section 165, chapter 427, Public Laws, 1931, section 7880(96), Michie's Code, 1931. That the respondent has paid to the Revenue Department of the State of North Carolina the license taxes required of him under the last mentioned statute for the calendar year 1933, and has received from the Commissioner of Revenue 'for hire' license tags for the privilege of engaging in the business carried on by him."

From the foregoing judgment the plaintiff appealed.

*Attorney-General Brummitt, Assistant Attorney-General Bruton and N. A. Townsend for complainant.*
*Cansler & Cansler of counsel.*
*No counsel for respondent.*

BROGDEN, J. Do sections 2613(k) and 2613(1), Michie's Code of 1931, or section 7880(96), apply to the business carried on by the respondent?

The identical question involved in this appeal has been considered in *Winborne, Utilities Comr., v. Mackey, ante,* 554. All the evidence offered at the hearing tended to show that the respondent operated motor vehicles, transporting passengers and property for compensation, and as a business between cities and towns along Highway No. 10. Consequently he is not protected by section 7880(96), as heretofore pointed out in the *Mackey case.* However, the evidence also discloses that the respondent carries the United States mail and he asserts that he is saved by an exception contained in section 2613(k), *supra,* which declares that "motor vehicles used exclusively in carrying the United States mail" are not required to secure a franchise certificate. The United States mail is property. *Searight v. Stokes,* 3 Howard, 151, 11 L. Ed., 537; *In re Debbs,* 158 U. S., 583, 39 L. Ed., 1102; *Pakas v. U. S.,* 240 Fed., 350. Consequently, unless the statute had exempted motor vehicles used for carrying mail, mail carriers would have been compelled to secure a franchise certificate for the obvious reason that

they were transporting property for compensation along the highways of this State. Furthermore, the motor vehicles operated by the defendant are not "used exclusively in carrying United States mail," because all the evidence disclosed that such vehicles so carrying the mail also carried passengers and took property for compensation and in the pursuit of a business enterprise. Therefore, the defendant is required to secure a franchise certificate if he desires to continue the business disclosed by the proof.

Reversed.